**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **NO. 1:26-cr-00385-DAE** |
| | § | |
| **RYAN THOMAS GRIFFIN** | § | |

# DEFENDANT'S MOTION FOR A BIFURCATED TRIAL ON THE RELIGIOUS-MOTIVATION SPECIAL FINDINGS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE DAVID A. EZRA:

Defendant, Ryan Thomas Griffin, moves the Court to bifurcate the jury trial concerning the religious-motivation special findings alleged in Counts One and Two of the Indictment. Dkt. #27. If the Court does not exclude the evidence as requested in Mr. Griffin's Motion to Exclude Uncharged Social-Media Posts, Firearms and Related Items, Ideological Literature, Religious-Motivation Special Findings, and Improper Law Enforcement Opinion Testimony (Dkt. #55), he requests that the jury first determine whether the Government has proved the four charged violations of 18 U.S.C. § 875(c), without being exposed to evidence offered solely to establish the special findings.

Only after the jury returns its verdicts on the charged offenses should the Court permit any separate proceeding concerning those findings, if such a proceeding is legally necessary. The special findings allege that Mr. Griffin intentionally selected individuals because of their actual or perceived religious beliefs. Religious motivation is not an element of the charged § 875(c) offenses. The findings instead concern a sentencing-related issue under U.S.S.G. § 3A1.1(a). Permitting evidence directed at those findings to be introduced during the guilt phase would expose the jury to inflammatory evidence about Mr. Griffin's perceived religious motivations before it decides whether his four charged communications constitute true threats.

Bifurcation would preserve the jury's focus on the charged communications and the elements the Government must prove, while allowing any legally appropriate determination concerning religious motivation to be made separately.

## BACKGROUND

The Indictment charges Mr. Griffin with four violations of 18 U.S.C. § 875(c), each arising from a specified public Gab post between March 2025 and June 2026. Dkt. #27. The Indictment also includes religious-motivation special findings in Counts One and Two. *Id.* The Court previously denied Mr. Griffin's Motion to Strike Surplusage (Dkt. #34) and Motion to Dismiss (Dkt. #39). Those rulings did not resolve whether evidence offered to establish the special findings should be presented to the jury during the guilt phase or whether the findings should be addressed separately. The central question at trial will be whether the Government proves that the four charged communications constitute true threats and that Mr. Griffin possessed the required subjective mental state. The Government should not be permitted to use evidence offered solely to establish religious motivation to influence the jury's determination of those issues.

## LEGAL STANDARD

A District Court has discretion to structure trial proceedings to ensure a fair determination of guilt and minimize the risk of unfair prejudice. Although bifurcation is not constitutionally required in every case, it may be an appropriate procedural safeguard when evidence relevant to a sentencing-related issue risks unfairly influencing the jury's determination of guilt. *See Spencer v. Texas,* 385 U.S. 554, 567–69 (1967); *Erlinger v. United States,* 602 U.S. 821 (2024). Federal Rule of Criminal Procedure 2 directs that the Rules be interpreted to provide for the just determination of criminal proceedings and fairness in administration. In addition, Rule 32(i)(3)(B) provides a

mechanism for the Court to resolve disputed sentencing matters at sentencing. Accordingly, the Court should consider whether separating the guilt phase from consideration of the religious-motivation special findings would promote fairness by allowing the jury to determine whether the Government has proved the charged offenses without exposure to potentially prejudicial evidence offered solely to establish those findings.

**ARGUMENT**

**I. Bifurcation would protect the jury's determination of the charged offenses.**

**A. Religious motivation is not an element of the charged § 875(c) offenses.**

The charged offenses require the Government to prove the elements of 18 U.S.C. § 875(c), including that the communications constituted true threats and that Mr. Griffin possessed the constitutionally required subjective mental state. *See Counterman v. Colorado*, 600 U.S. 66 (2023). The religious-motivation special findings do not add an element to § 875(c). Rather, they concern whether Mr. Griffin intentionally selected the alleged targets because of their actual or perceived religious beliefs, a consideration associated with U.S.S.G. § 3A1.1(a). That distinction matters. Evidence may bear on a sentencing consideration without being necessary to prove the charged offense. The jury deciding whether Mr. Griffin committed the charged offenses should not be exposed to inflammatory evidence merely because that evidence may be relevant to a separate sentencing determination.

**B. Presenting the special findings with the guilt phase creates a substantial risk of unfair prejudice.**

Evidence offered to establish religious hostility carries an obvious risk that jurors will judge Mr. Griffin based on their reaction to his perceived beliefs rather than the content and context of the four charged posts. That risk is particularly acute where the Government may seek to introduce

ideological literature, unrelated online statements, and other evidence portraying Mr. Griffin as dangerous or hostile toward a religious group.

The Supreme Court has recognized the danger of allowing a jury to consider prejudicial evidence concerning a separate sentencing issue when deciding guilt. In *Erlinger v. United States*, 602 U.S. 821 (2024), the Court explained that bifurcation is a practical means of reducing the risk that jurors will be "overpersuade[d]" by prejudicial evidence. *Id.* at 847 (discussing *Spencer v. Texas*, 385 U.S. 554, 567 (1967)). Although *Erlinger* addressed the Armed Career Criminal Act and does not establish a categorical right to bifurcation in this case, its reasoning supports the requested procedure. Separating the determinations reduces the risk that evidence relevant to a distinct sentencing issue will improperly influence the jury's assessment of guilt. The same concern is present here. The jury should decide whether the four charged posts were true threats based on the evidence properly bearing on those communications, not on an expanded presentation of Mr. Griffin's beliefs or perceived religious animus.

**C. Bifurcation would preserve the proper scope of the guilt phase without preventing a legally required later determination.**

Mr. Griffin does not seek to prevent the Government from presenting evidence that is otherwise admissible and genuinely relevant to an element of the charged offenses. Nor does he seek to foreclose a legally appropriate determination of the religious-motivation issue. Instead, he requests that the Court separate the issues so that evidence offered solely to establish the special findings does not influence the jury's initial determination of guilt. If the Court determines that the special findings should be submitted to the jury, the jury should first return verdicts on the four charged offenses. Only if it returns guilty verdicts on Counts One or Two should the Court convene a second phase, limited to the corresponding special finding and the evidence properly admissible for that purpose. If, as the Defense understands the findings, religious motivation is solely a

sentencing-guideline issue for the Court, then the issue should instead be reserved for sentencing. Federal Rule of Criminal Procedure 32(i)(3)(B) provides the procedure for resolving disputed sentencing matters, and U.S.S.G. § 6A1.3 contemplates that disputed sentencing factors will be resolved at a sentencing hearing. This alternative would achieve the same essential protection: the jury would determine guilt without being exposed to evidence offered solely to establish a sentencing-related finding.

Bifurcation would not require the Court to exclude evidence that is independently admissible to prove the charged offenses. It would simply postpone evidence offered solely to establish the religious-motivation special findings until the appropriate later proceeding, if one is required. The procedure would also avoid the need for the jury to evaluate potentially inflammatory evidence before it has determined whether Mr. Griffin committed the charged offenses. If the jury acquits on a count carrying a special finding, there would be no reason to conduct a second-phase proceeding on that count. The Supreme Court has made clear that bifurcation is not constitutionally mandatory in every criminal case. *Spencer*, 385 U.S. at 568–69. But the Court retains discretion to structure proceedings to protect fairness and avoid undue prejudice. Here, the limited procedure requested would protect the integrity of the guilt determination while preserving the appropriate means of resolving any sentencing-related issue.

## IV. CONCLUSION

For these reasons, Mr. Griffin respectfully requests that the Court order a bifurcated jury trial concerning the religious-motivation special findings in Counts One and Two. The jury should first determine whether the Government has proved the charged § 875(c) offenses, without being exposed to evidence offered solely to establish those findings. If the Court determines that the special findings must be decided by a jury, Mr. Griffin requests a second phase, conducted only

after guilty verdicts on the corresponding counts, to address those findings. Alternatively, if the findings concern only the application of the Sentencing Guidelines, Mr. Griffin requests that the Court reserve the issue for sentencing and resolve any disputed matter under Federal Rule of Criminal Procedure 32(i)(3)(B) and U.S.S.G. § 6A1.3.

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

/s/ RUBEN PENA, JR.
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
TX Bar Number: 24072983

/s/ HORATIO ALDREDGE
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
TX Bar Number: 24064026

*Attorneys for Ryan Thomas Griffin*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Matt Devlin
United States Attorney's
Office 903 San Jacinto
Blvd., Suite 334
Austin, TX 78701

/s/ RUBEN PENA, JR.

/s/ HORATIO ALDREDGE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **NO. 1:26-cr-00385-DAE** |
| | § | |
| **RYAN THOMAS GRIFFIN** | § | |

**O R D E R**

On this date, the Court considered Defendant's Motion for Bifurcated Trial on the Religious-Motivation Special Findings . The Court, having considered the motion, is of the opinion that the motion should be granted.

IT IS THEREFORE ORDERED THAT the Defendant's Defendant's Motion for Bifurcated Trial on the Religious-Motivation Special Findings, is hereby **GRANTED.**

SIGNED this ___________ day of _______________________, 2026.

_____________________________________
DAVID EZRA
UNITED STATES DISTRICT JUDGE