**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff.** | § | |
| | § | |
| **v.** | § | CRIMINAL NO. A-26-CR-385 DAE |
| | § | |
| **RYAN THOMAS GRIFFIN,** | § | |
| | § | |
| **Defendant.** | § | |

**NOTICE OF OTHER CRIMES, WRONGS, ACTS**
**PURSUANT TO FED. R. EVID. 404(b)**

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby gives notice to Defendant RYAN THOMAS GRIFFIN of the following crimes, wrongs, and acts the United States may introduce in its case-in-chief at trial.

I.

## Evidence That the Government May Introduce in Its Case-in-Chief

The following is a summary of the general nature of the evidence that the Government may introduce in its direct case, as required by Rule 404(b). *See* Fed. R. Evid. 404, Advisory Committee Notes, 1991 Amendments (stating that "no specific form of notice is required" and that the Government's notice need not "satisfy the particularity requirements normally required of language used in a charging instrument," provided the notice "apprise[s] the defense of the general nature of the evidence of extrinsic acts").

The evidence described below will or may be offered to show Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, lack of accident,

or for other relevant purposes under Rule 404(b). The evidence is relevant to issues other than Defendant's character, and its probative value is not substantially outweighed by its undue or unfair prejudice, satisfying the Fifth Circuit's two-prong test established in *United States v. Beechum*, 582 F.2d 989, 911 (5th Cir. 1978).

The Rule 404(b) evidence which follow and the purposes for which the Government seeks to introduce it should be considered within the framework of "true threat" analysis applicable to 18 U.S.C. § 875(c):

> A statement is a "true threat" when: (1) an objectively reasonable person would interpret the speech as a serious expression of an intent to cause a present or future harm; and (2) the speaker was subjectively aware of [the statement's] threatening nature. Further, the speaker must be aware that others could regard his statements as threatening violence and deliver them anyway…. [W]hen it comes to the true-threats analysis, context is critical.

*See United States v. Burger*, 170 F.4th 395, 401-02 (5th Cir. 2026) (cleaned up).

1. <u>Defendant's postings on the Gab social media platform</u>

From about 2018 until July 2026, Defendant, under the Gab username "PoisonDartPepe," made about 130,000 postings on the Gab social media platform. Defendant's postings included repeated rantings about the targets of the charged threats. Many of these postings reflect Defendant's extreme anger toward the targets and contain statements and references which are threatening.

Because there are far too many individual postings to reasonably include in this notice, the Government hereby notifies Defendant that it may seek to introduce any or all of the following categories of postings made to the PoisonDartPepe account on the Gab platform and/or comments made by said account to postings made by other Gab users (collectively referred to as "postings"):

a. Postings that refer, or can be reasonably construed to refer, to one or more groups or organizations of any kind, including, but not limited to, religious groups, governmental entities, political organizations or affiliations.

b. Postings that express, or can be reasonably construed to express, a grievance or complaint against any person(s), group(s), or organizations.

c. Postings that express, or can be reasonably construed to express, hatred, anger, or dissatisfaction toward, or is otherwise derogatory, insulting, or disparaging toward, any person(s), group(s), organization(s), race(s), ethnicity(ies), or religion(s).

d. Postings that refer, or can be reasonably construed to refer, to engaging in physical harm, violence, attacks, or terrorism against any person(s), group(s), or organizations, whether in the past, present, or future.

e. Postings that refer, or can be reasonably construed to refer, to a weapon or ammunition of any kind, including a firearm, explosive device, weapon of mass destruction, or any other weapon that can be used to inflict injury or death.

f. Postings that refer, or can be reasonably construed to refer, to: Jews, Zionists, and/or federal, state, or local government officials or personnel (including military personnel), including, but not limited to, those groups/entities/organizations identified in the Indictment

g. Postings that refer, or can be reasonably construed to refer, to a mass shooting, a mass murder, a violent attack against a particular targeted group or location, or any person or group involved in such an event, whether in the past, present, or future.

"Postings" and "comments" include words and statements, but also include, but are not limited to, memes, photos, images, videos, logos, or other graphic depictions whether or not accompanied by any words or statements.

The United States anticipates seeking to admit a reasonable number of uncharged postings and comments to provide relevant context for the charged postings and a fair overview of the entirety of the postings made on the PoisonDartPepe account.

The purpose of this evidence as to all counts is to prove identity, motive, intent, plan, knowledge, identity, absence of mistake, and lack of accident as to the charged offenses, and Defendant's subjective awareness of the threatening nature of his charged statements, i.e., that his purpose was to make a threat, that he knew that the communication would be viewed as a threat,

and that he recklessly disregarded a substantial risk that his communication would be understood as a threat; and that an objectively reasonable person would interpret any or all of Defendant's statements charged in the Indictment as a serious expression of an intent to cause a present or future harm. Moreover, the uncharged postings provide relevant context for the charged postings and show that they were consistent in their disparagement and threats of violence toward the groups Defendant targeted in his charged postings. As the Fifth Circuit noted in *Burger*, "when it comes to the true-threats analysis, 'context is critical.'" *Burger*, 170 F.4th at 402.

In addition, the Supreme Court recently explained that the subjective intent of the maker of a threat is now relevant and, in fact, may be required as part of the government's burden of proof to prove threats charges. *See Counterman v. Colorado*, 600 U.S. 66, 75 (2023) ("[T]he First Amendment may still demand a subjective mental-state requirement shielding some true threats from liability."). Part of showing that Defendant was reckless in posting threatening messages online will include presenting circumstantial evidence of his mindset at the time of posting those threats, including that he disparaged groups that were the subject of his charged threats and was serious about his threats. Defendant's uncharged postings will show that he intended his postings to be serious, not made in jest, and his awareness that others could regard his statements as threatening violence and delivered them anyway.

It is the Government's position that these acts are relevant and intrinsic to the offenses charged in this case and not subject to Rule 404(b) because they are inextricably intertwined with the offenses charged. *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). These acts are intrinsic because the postings provide relevant context to Defendant's charged postings, were either made contemporaneously to the charged statements, and/or show a pattern of language, tone, and threatening character that illuminates the charged statements. Moreover, every posting made

by the PoisonDartPepe account constitutes a statement made by Defendant and, if offered by the Government as a statement of a party-opponent, is not hearsay under Fed. R. Evid. 801(d)(2). Accordingly, in providing notice of these acts, the Government does not take the position that these postings constitute "other crimes, wrongs, or acts," that Rule 404(b) governs the admissibility of these postings, or that the postings are extrinsic to the pending charges.

2. Defendant's possession of firearms, ballistics gear, and body armor

Defendant's possession of these items show that he was aware that others could regard his statements as threatening violence and delivered them anyway. They also demonstrate motive, intent, plan, knowledge, identity, absence of mistake, and lack of accident as to the charged offenses. This evidence is also relevant to Defendant's subjective seriousness of his threats, to his knowledge that his statement could be perceived as a threat, and to whether he recklessly disregarded a substantial risk that his communication would be understood as a threat. This evidence is also relevant to the context of Defendant's alleged threats and other similar postings.

Defendant's possession of weapons, including a weapon that he cited in at least one uncharged Gab posting, is relevant to his charged postings. The Supreme Court recently explained that the subjective intent of the maker of a threat is now relevant and, in fact, may be required as part of the government's burden of proof to prove threats charges. *See Counterman*, supra. ("[T]he First Amendment may still demand a subjective mental-state requirement shielding some true threats from liability."). Part of showing that Defendant was reckless in posting threatening messages online will include presenting circumstantial evidence of his mindset at the time of posting those threats, including that he possessed multiple weapons and ballistics gear, understood their danger, and was serious about his threats. Moreover, the firearms provide relevant context for the charged postings. As the Fifth Circuit noted in *Burger*, "when it comes to the true-threats

analysis, 'context is critical.'" *Burger*, 170 F.4th at 402.

The purpose of this evidence as to all counts is to prove identity, motive, intent, plan, knowledge, identity, absence of mistake, lack of accident as to the charged offenses, the context of Defendant's postings, Defendant's subjective awareness of the threatening nature of his charged statements, i.e., that his purpose was to make a threat, that he knew that the communication would be viewed as a threat, and recklessly disregarding a substantial risk that his communication would be understood as a threat; Defendant's awareness that an objectively reasonable person would interpret Defendant's charged statements as serious expressions of an intent to cause a present or future harm; and relevant context for the charged postings.

It is the Government's position that these acts are relevant and intrinsic to the offenses charged in this case and not subject to Rule 404(b) because they are inextricably intertwined with the offenses charged. *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). Specifically, in at least one his Gab posts, he mentions a "556 semi auto" which is consistent with a .556 caliber firearm that Defendant possessed, which shows his seriousness about such a threat and his awareness that others could interpret his postings as true threats yet delivered them anyway. Consequently, in providing notice of these acts, the Government does not take the position that these acts constitute "other crimes, wrongs, or acts," that Rule 404(b) governs the admissibility of these acts, or that the facts and circumstances of these acts are extrinsic to the pending charges.

3. <u>Defendant's handwritten journal</u>

Defendant possessed a 70-page handwritten journal that contained numerous statements and admissions relevant to the charges and relevant to establishing the context of his charged postings.

The purpose of this evidence as to all counts is to prove identity, motive, intent, plan,

knowledge, identity, absence of mistake, and lack of accident as to the charged offenses, and Defendant's subjective awareness of the threatening nature of his charged statements, i.e., that his purpose was to make a threat, that he knew that the communication would be viewed as a threat, and that he recklessly disregarded a substantial risk that his communication would be understood as a threat; and Defendant's awareness that an objectively reasonable person would interpret any or all of Defendant's statements charged in the Indictment as a serious expression of an intent to cause a present or future harm. Moreover, the journal entries provide relevant context for the charged postings. As the Fifth Circuit noted in *Burger*, "when it comes to the true-threats analysis, 'context is critical.'" *Burger*, 170 F.4th at 402.

Defendant's statements in his journal are relevant to his charged postings. The Supreme Court recently explained that the subjective intent of the maker of a threat is now relevant and, in fact, may be required as part of the government's burden of proof to prove threats charges. *See Counterman*, 600 U.S. at 75 ("[T]he First Amendment may still demand a subjective mental-state requirement shielding some true threats from liability."). Part of showing that Defendant was reckless in posting threatening messages online will include presenting circumstantial evidence of his mindset at the time of posting those threats, including that he disparaged groups that were the subject of his charged threats and was serious about his threats. Defendant's journal entries are consistent with those he posted on his PoisonDartPepe account and will show that he intended his postings to be serious, not made in jest, and his awareness that others could regard his statements as threatening violence and delivered them anyway.

It is the Government's position that these acts are relevant and intrinsic to the offenses charged in this case and not subject to Rule 404(b) because they are inextricably intertwined with the offenses charged. *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). These acts

are intrinsic because Defendant's own statements in his journal entries provide relevant context to Defendant's charged postings, were either made contemporaneously to the charged statements, and/or show a pattern of language, tone, and threatening character that illuminates the charged statements. Moreover, every journal entry Defendant made in his own journal constitutes a statement of Defendant and may be offered by the Government as a statement of a party-opponent, under Fed. R. Evid. 801(d)(2). Accordingly, in providing notice of these acts, the Government does not take the position that these postings constitute "other crimes, wrongs, or acts," that Rule 404(b) governs the admissibility of these postings, or that the postings are extrinsic to the pending charges.

4. Materials related, or appearing to be related, to other violent attacks

Among items found on Defendant's computer was (1) a pre-attack plan made by active shooter appearing to be related to a 2019 synagogue attack in Germany known as the Halle Synagogue shooting and (2) internet searches for a synagogue attack in New Zealand.

The materials relating to the 2019 Germany synagogue attack include a purported detailed pre-attack plan which had photos of the weapons the alleged shooter intended to use with descriptions of why the shooter chose to use certain weapons/explosives, his objectives (to kill Jews), and a handwritten plan describing how he would carry out the attack. Metadata indicates that the material was last viewed on Defendant's computer in or about October 2025.

These materials provide relevant context for the charged postings. As the Fifth Circuit noted in *Burger*, "when it comes to the true-threats analysis, 'context is critical.'" *Burger*, 170 F.4th at 402. In addition, the Supreme Court recently explained that the subjective intent of the maker of a threat is now relevant and, in fact, may be required as part of the government's burden

of proof to prove threats charges. *See Counterman*, 600 U.S. at 75 ("[T]he First Amendment may still demand a subjective mental-state requirement shielding some true threats from liability."). Part of showing that Defendant was reckless in posting threatening messages online will include presenting circumstantial evidence of his mindset at the time of posting those threats.

5. Defendant's Google Maps search history for synagogues

One of Defendant's computers contained evidence of Google Maps searches for synagogues, including several searches for synagogues located in the Austin, Texas, area.

The purpose of this evidence as to all counts is to prove identity, motive, intent, plan, knowledge, identity, absence of mistake, lack of accident as to the charged offenses, Defendant's subjective awareness of the threatening nature of his charged statements, i.e., that his purpose was to make a threat, that he knew that the communication would be viewed as a threat, and that he recklessly disregarded a substantial risk that his communication would be understood as a threat; and Defendant's awareness that an objectively reasonable person would interpret Defendant's charged statements as serious expressions of an intent to cause a present or future harm.

Defendant's search history for synagogues provides relevant context for the charged postings. As the Fifth Circuit noted in *Burger*, "when it comes to the true-threats analysis, 'context is critical.'" *Burger*, 170 F.4th at 402. In addition, the Supreme Court recently explained that the subjective intent of the maker of a threat is now relevant and, in fact, may be required as part of the government's burden of proof to prove threats charges. *See Counterman*, 600 U.S. at 75 ("[T]he First Amendment may still demand a subjective mental-state requirement shielding some true threats from liability."). Part of showing that Defendant was reckless in posting threatening messages online will include presenting circumstantial evidence of his mindset at the time of

posting those threats.

It is the Government's position that these acts are relevant and intrinsic to the offenses charged in this case and not subject to Rule 404(b) because they are inextricably intertwined with the offenses charged. *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). Specifically, he made postings expressing threats, hatred, and insults toward Jews and synagogues, and his search for synagogues shows his subjective intent and motive in making his postings, that his postings were to be taken seriously and were not in jest, and his awareness that others could regard his statements as threatening violence and delivered them anyway. Thus, in providing notice of these acts, the Government does not take the position that these acts constitute "other crimes, wrongs, or acts," that Rule 404(b) governs the admissibility of these acts, or that the facts and circumstances of these acts are extrinsic to the pending charges.

6. <u>Defendant's possession of anti-Semitic materials.</u>

Defendant was found in possession of several books and materials that are well-known to espouse anti-Semitic ideas and beliefs. The purpose of this evidence at to all counts is to prove identity, motive, intent, plan, knowledge, identity, absence of mistake, and lack of accident as to the charged offenses, and Defendant's subjective awareness of the threatening nature of his charged statements, i.e., that his purpose was to make a threat, that he knew that the communication would be viewed as a threat, and that he recklessly disregarded a substantial risk that his communication would be understood as a threat; and that an objectively reasonable person would interpret Defendant's charged statements as serious expressions of an intent to cause a present or future harm.

Defendant's possession of anti-Semitic materials provides relevant context for the charged postings. As the Fifth Circuit noted in *Burger*, "when it comes to the true-threats analysis, 'context

is critical.'" *Burger*, 170 F.4th at 402. In addition, the Supreme Court recently explained that the subjective intent of the maker of a threat is now relevant and, in fact, may be required as part of the government's burden of proof to prove threats charges. *See Counterman*, 600 U.S. at 75 ("[T]he First Amendment may still demand a subjective mental-state requirement shielding some true threats from liability."). Part of showing that Defendant was reckless in posting threatening messages online will include presenting circumstantial evidence of his mindset at the time of posting those threats.

It is the Government's position that these acts are relevant and intrinsic to the offenses charged in this case and not subject to Rule 404(b) because they are inextricably intertwined with the offenses charged. *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). These acts are intrinsic because they were either made contemporaneously to the charged statements, establish the context of the charged statements, and/or show a pattern of language, tone, and threatening character that illuminates the charged statements. Specifically, these materials were found in Defendant's possession concurrently with the charged threats, pertain directly to the substance of his threats, provide relevant context for the charged threats, and corroborate Defendant's subjective awareness of the threatening nature of his statements. Thus, in providing notice of these acts, the Government does not take the position that these acts constitute "other crimes, wrongs, or acts," that Rule 404(b) governs the admissibility of these acts, or that the facts and circumstances of these acts are extrinsic to the pending charges.

## II.

## Admissibility of Extrinsic Evidence Under Rule 404(b)

Rule 404(b) provides that extrinsic evidence of other acts is "not admissible to prove a

person's character in order to show that on a particular occasion the person acted in accordance with the character," but is admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

Federal courts in the Fifth Circuit apply a two-pronged test developed in *Beechum, supra*, in determining the admissibility of evidence under Rule 404(b). The first prong of the *Beechum* test is satisfied if the evidence of "other crimes, wrongs, or acts" is relevant to an issue other than the defendant's character. *See Beechum*, 582 F.2d at 911.

The second prong of the *Beechum* test is satisfied if the probative value of the extrinsic evidence is not *substantially* outweighed by its undue prejudice. *See, e.g.*, *United States v. Percel*, 553 F.3d 903, 912 (5th Cir. 2008); *see also* Fed. R. Evid. 403 (emphasis added). The Fifth Circuit has underscored that the probative value of the extrinsic evidence must be "*substantially* outweighed by its *unfair* prejudice" for it to be deemed inadmissible. *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009) (emphasis in original) (cleaned up). Thus, the second prong of the *Beechum* test "require[s] exclusion [of probative evidence] only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to *irrational behavior*, and that this risk is disproportionate to the probative value of the offered evidence." *See id.* (emphasis added) (cleaned up). Furthermore, a district court can cure any risk of prejudice stemming from admission of evidence of an extrinsic offense by admonishing the jury that the evidence is to be considered only for certain limited purposes and not as evidence that the defendant committed the offenses charged in the indictment. *See e.g.*, *United States v. Hernandez-Guevara*, 162 F.3d 863, 873–74 (5th Cir. 1998); *United States v. Chavez*, 119 F.3d 342, 347 (5th Cir. 1997).

The Fifth Circuit has endorsed a "commonsense assessment of all the circumstances surrounding the extrinsic offense," and has provided a list of factors courts are to consider when analyzing the probative value of extrinsic evidence, including the overall similarity between the extrinsic and charged offenses and how much time separates the extrinsic and charged offenses. *See United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978). As to the length-of-time factor, the Court of Appeals has deemed evidence concerning convictions occurring ten years before the charged conduct to be admissible. *See, e.g.*, *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996).

On the other hand, evidence of acts that are relevant and intrinsic to the crimes charged are admissible without regard to Rule 404(b). *See United States v. Williams*, 900 F.2d 823 (5th Cir. 1990). "'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are "inextricably intertwined" or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *Id.*

III.

The United States may provide one or more supplemental notices of crimes, wrongs, acts under Fed. R. Evid. 404(b) reasonably prior to trial and/or may urge additional legal bases and arguments to admit any or all such acts into evidence at trial.

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

By: /s/ *Matthew Devlin*

MATTHEW DEVLIN
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Ruben Peña Jr, Esq.
Assistant Federal Public Defender
ruben_pena@fd.org

Horatio R. Aldredge, IV, Esq.
Assistant Federal Public Defender
horatio_aldredge@fd.org

504 Lavaca Street, Suite 960
Austin, Texas 78701
(512) 916-5025
Fax (512) 916-5035
*Attorneys for Defendant*

/s/ Matthew Devlin

MATTHEW DEVLIN
Assistant United States Attorney